**MAGEE v. BARNES.**

**No. 2231.**

Court of Civil Appeals of Texas. Waco.

Jan. 18, 1940.

Bartlett & Bartlett, of Marlin, for plaintiff in error.

E. M. Dodson, of Marlin, for defendant in error.

TIREY, Justice.

This is a suit on a verified account. The account in toto was denied under oath. The parties will be designated as in the court below. The suit originated in the Justice Court and was duly appealed to the District Court of Falls County where it was tried before a jury and judgment was rendered for plaintiff on the verdict of the jury. The first item in the account sued on stated: "11/27/36 account to date $71.52." The remainder of the account is fully itemized. The defendant's amended, verified answer in the district court on which he went to trial consisted of a general demurrer and general denial. There was no exception to the item "11/27/36 account to date $71.52." Upon the trial of the case, plaintiff testified fully as to his system of bookkeeping. He conducted a filling station. The record discloses that he made out purchase slips in duplicate, had these signed by the purchaser, kept the original as his record and delivered the carbon copy to the purchaser. These tickets constituted his record of purchaser's account. He introduced in evidence a signed statement as follows:

"Quincy Barnes-Marlin, Texas, 12-3-1936
Gas acct. to date $71.52
Oil paid 20.00
———
Bal. $51.52
(signed) Ross Magee."

The plaintiff explained that under his system of bookkeeping he closed his accounts on the night of the 26th day of the month so as to give time to make out his bills and get them out by the first; that all items charged after the 26th of the month were included in the next month's account. He further testified that the defendant's account up to November 27, 1936 amounted to $71.52; that defendant came in on December 3rd and made a payment of $20, leaving a balance due of $51.52, and that he had the defendant sign the ticket as above set out. Plaintiff further testified that he then delivered to defendant all of the charge tickets up to November 27, 1936. He further testified that defendant made some purchases on the 27th, 28th, 29th and 30th of November and on the 1st, 2nd, and 3rd of December and that all of these items were included in defendant's December account and were not included in the signed ticket for $71.52. Each of the purchases referred to in plaintiff's testimony beginning with November 27, 1936 were duly itemized on the verified account introduced in evidence.

Defendant has assigned as error that the uncontradicted evidence introduced by the plaintiff showed that defendant owed a balance of $51.52 on the 3rd day of December, 1936, "and it was error for the trial court to refuse to instruct the jury that it could only find in favor of plaintiff in the sum of $51.52, plus the amount of purchases made by defendant after December 3, 1936." This contention cannot be sustained. While the article of the Revised Statutes, Vernon's Ann.Civ.St. art. 3736, with reference to sworn accounts in a sense affects the manner of pleading, in the final analysis it creates merely a rule of evidence to be applied solely to proving open accounts under certain given conditions. See Miller v. L. Wolff Mfg. Co. of Texas, Tex.Civ.App., 225 S.W. 212; Macaw v. Pecos Valley Alfalfa Land & Oil Co., Tex. Civ.App., 248 S.W. 808; 1 Tex.Jur. p. 337, § 40. The defendant having denied the plaintiff's account in toto under oath, he thereby put the plaintiff to proof of his entire case. In 1 Tex.Jur. p. 336, § 39, it is said: "In accordance with the settled rules of evidence, admissions of a defendant may be introduced to prove the correctness of the items of an account, and to prove an allegation that a balance is due and owing." Again, Texas Jurisprudence announces the rule: "Extrinsic evidence is admissible to prove the date of an undated instrument, or to show the true date of a document regardless of any statement of date contained in the writing." 17 Tex. Jur. p. 827, § 372. See, also, Dunn v. Taylor, Tex.Civ.App., 107 S.W. 952.

In view of the foregoing authorities, we think a fact question was raised to be submitted to the jury and the court properly submitted the issue to the jury.

We have carefully considered the other errors assigned by defendant and believe that they are without merit. We have also carefully considered the testimony and, in

our opinion, it is ample to sustain the verdict of the jury.

The judgment of the trial court is in all things affirmed.