**L. R. McLAIN, Appellant,**

v.

**W. B. SITTON, dba Sitton Bros. Feed Store, Appellees.**

No. 6656.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 16, 1964.

Rehearing Denied Feb. 12, 1964.

H. L. Edwards, Nacogdoches, for appellant.

Thompson & Stripling, Nacogdoches, for appellees.

McNEILL, Justice.

Plaintiffs sued defendant upon open account for chicken feed sold him. Defendant denied the justness of the account under oath and pleaded the two year statute of limitations in defense. He also pleaded that the merchandise was bought to carry on a chicken raising business which constituted a joint enterprise between him and plaintiffs.

Judgment was for plaintiffs on jury findings: (1) that defendant was indebted to plaintiffs; (2) in the amount of $16,000.00; (3) there was no joint enterprise. Defendant appeals.

His first and second points are to the effect that there was no evidence to support the second finding. The issue upon which this finding was made reads:

"From a preponderance of the evidence, how much, if any, do you find L. R. McClain is indebted to Sitton Bros. since May 5, 1959?"

The account claimed due and sued upon amounted to $22,907.75. Defendant asserts that the only evidence offered by plaintiffs as to the amount due were the two sections of the account—called pullet account No. 1 and pullet account No. 2 —and that since there was a sworn denial thereof, the finding of $16,000.00 obviously has no support. Further attacking this finding, defendant says there was no evidence either that the prices of the feed were agreed upon or that the prices charged were usual, customary or reasonable.

■ Independent proof of the indebtedness was made by the plaintiff. W. B. Sitton, a partner in the plaintiff firm, testified he supervised the bookkeeping records of the business; that the records were correctly kept and that he made up the pullet No. 1 and pullet No. 2 divisions of the account sued upon from those records and these accounts were correct. Defendant on cross-examination when asked about the account stated he did not question any item as to whether it had been delivered to him, nor the price charged therefor. This testimony makes plaintiffs' case and eliminated the need for other proof of delivery or to show the prices charged were correct. Magee v. Barnes, Tex.Civ.App., 135 S.W.2d 1038; 1 Tex. Jur.2d 313. He said he only questioned the total amount sued for. This he appeared to do because he thought some $6,000.00 of it was made up of an old account which was barred by limitation. We quote his testimony on this:

"A. The total amount I question, but as far as the individual tickets, I don't question.

"Q. In what way do you question the total amount?

"A. Well, there wasn't a part of the —I mean there was a part of the first account that wasn't paid at the end of that two-year limitation.

"Q. I don't quite follow you there —just explain why—why you question the total of this and do not question the individual items?

"A. Well, at the end of that first year there was some—something over six thousand ($6,000.00) dollars—I don't remember just what it was, still due on that Account No. 1.—And that would have been at the end of '59 if I remember correctly."

■■ Because the second issue excluded from the jury consideration of any indebtedness prior to May 6, 1959, this testimony could have caused the jury to think that defendant should be entitled to credit for about the $6,000.00 of an old account mentioned in the quoted testimony, and it therefore found the balance owing to be $16,000.00. Also as bearing upon this finding, it may be said that much testimony pro and con was heard by the jury as to credits made and as to old balances carried upon both sections of the account sued upon. And after having testified he

did not question the items nor the prices but only the total amount, defendant stated later he did not owe plaintiffs anything. It was therefore within the jury's province to determine the credibility of the witnesses and generally the weight and sufficiency of the evidence. 1 Tex.Jur.2d 308; 41 Tex.Jur.2d 213. Plaintiffs make no complaint of the amount found by the jury to be owing and defendant is in no position to attack the finding for the amount found to be due was more than favorable to him. 4 Tex.Jur.2d, Sec. 763, pp. 267, 268.

Defendant's third point is that since the two sections of the account were not properly itemized and sworn to, the trial court erred in failing to sustain his motion to have them withdrawn from the jury's consideration. However, no objection was made at the time it was received in evidence that it was not properly itemized nor sworn to. The only objection made at the time the evidence was offered was it constituted "second-hand testimony and hearsay". Other objections made thereto later may have been waived. Tex. Evidence, McCormick & Ray, Vol. 1, Sec. 23, p. 21; Sec. 26, p. 25. It is thought that the action upon the motion was one within the trial court's discretion. Missouri Pac. Ry. Co. v. Lamothe, 76 Tex. 219, 13 S.W. 194; Federal Crude Oil Co. v. Yount-Lee Oil Co., Tex.Civ.App., 73 S.W.2d 969. In any event plaintiff Sitton's testimony was to the same effect and because of the other evidence admitted any error was harmless. Rule 434, Texas Rules of Civil Procedure.

Defendant has no point raising the insufficiency of the evidence to sustain the second finding. We doubt, therefore, any need to comment thereon although the point is alluded to in defendant's argument. However we have given careful consideration to all the evidence bearing on this issue and find it sufficient to sustain the jury's answer. In support of this conclusion we quote from the first assignment of error in defendant's motion for new trial:

" * * * The evidence conclusively shows, undisputed, that if the jury disbelieve the defendant's defense, then the plaintiffs were legally entitled to recover the full amount shown by the two sworn itemized accounts, less two small items barred by limitation and excluded by special issue No. 2; in fact the defendant, called as a witness under the adverse rule, admitted on direct examination by plaintiffs attorney, that the two sworn itemized accounts were correct as the amounts stated for chicken feed."

The correct judgment was rendered by the District Court and its action is affirmed.