The VECTOR CORPORATION and Miltex Oil and Gas Corporation, Appellants,

v.

FIRST STATE BANK & TRUST COMPA-NY OF PORT LAVACA, Texas, Charles H. Stevenson, Jr., and Charles H. Stevenson, Jr., Trustee, Appellees.

No. 4703.

Court of Civil Appeals of Texas.

Waco.

June 20, 1968.

Rehearing Denied July 11, 1968.

See also Tex.Civ.App., 427 S.W.2d 958.

Kleberg, Mobley, Lockett & Weil, J. Lev Hunt, Corpus Christi, Rochelle & Gandy, Dean M. Gandy, Dallas, for appellants.

Sorrell, Anderson & Porter, Wm. R. Anderson, Jr., Butler, Schraub & Gandy, Roger Butler, Corpus Christi, for appellees.

## OPINION

WILSON, Justice.

The bank sued the Vector Corporation, Miltex Oil & Gas Corporation and Charles Stevenson, individually and as trustee, on a 1965 promissory deed of trust note for $100,000 payable to the bank. It was signed "Charles H. Stevenson, Jr., individually and as Trustee". The trial court, after a non-jury trial, rendered judgment against all defendants jointly and severally, granting Stevenson judgment over against Vector and Miltex.

We first dispose of appellants' complaint of judgment for Stevenson, individually, against Vector and Miltex. There was no pleading or evidence to support the judgment, and it is vacated.

The chief question in this case is whether Vector and Miltex are liable to plaintiff bank for payment of the note which was executed solely by Stevenson, individually and as trustee.

The only cause of action alleged by the bank was that to enforce payment of the note. It alleged reasons for liability of the two corporations on the note. It asserted that Stevenson was president and manager of Vector and Miltex, and was owner of one-third of the capital stock of one and 18½% of the stock of the other; that the corporations "authorized or acquiesced" in and ratified Stevenson's acts in making the loan represented by the note; that he held legal title to the property described in the deed of trust securing payment of the note as trustee for the corporations; that their operations, income and properties "were commingled"; that Stevenson subsequently assigned most of the properties to Miltex; that the corporations were "estopped to deny they are indebted to plaintiff by reason of the above described note", having "enjoyed the fruits thereof," using the proceeds to pay corporate debts.

Vector and Miltex are not liable on the note, in our opinion.

Art. 5932, Sec. 18, Vernon's Ann.Civ. Stat., (Sec. 18, Uniform Negotiable Instruments Act), in effect when the note was executed, provides: "No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided."

Appellee relies on Secs. 19 and 20 of Art. 5932 as constituting modifications of Sec. 18 which permit recovery. Sec. 19, however, merely authorizes the "signature" of a party to be made by an agent. It concerns the name of a party placed on the instrument by another. Sec. 20, on the other hand, relates only to liability of the signer; not that of a non-signatory party.

Parol evidence was not admissible to establish liability beyond the terms of the instrument where the cause of action asserted is on the note. The instrument "cannot be made the obligation of one

**538**

not a party by extrinsic proof, regardless of what are the real facts." By the parol evidence rule the evidence "is inadmissible because it is an attempt to add to the terms of a written instrument." Farrier v. Hopkins, 131 Tex. 75, 112 S.W.2d 182, 183.[1]

The bank insists also that parol evidence is admissible because there is an "ambiguity" in the note. The ambiguity claimed is that the note does not disclose for whom Stevenson was trustee. "Ambiguity" relates to language of doubtful or uncertain meaning. 3 Words and Phrases, "Ambiguous." There is no ambiguity present.

The evidence is undisputed that the bank relied on Stevenson personally to pay the note. The ledger sheets and accounting records of the bank show Stevenson alone as being liable on the notes. No writing in the bank's records evidenced liability of Vector or Miltex. The bank's evidence, however, made it undisputed that the corporations were disclosed principals and the bank was fully cognizant of the relationship between them and Stevenson. The president of the bank who made the loan testified the loan represented by the note was not made to the corporations; that they were not "primary obligors on the note"; that they were not "guarantors"; that they were "not obligated on the note directly"; that Stevenson was the one the bank was "looking to"; that until just before suit "it had not even occurred" to the president that "the corporation might be liable", or that "the corporation owed the money". He requested that Stevenson sign the note individually and as trustee. The president of appellee bank testified, "I much prefer not to have a loan in a corporate name; paper work that's involved, resolutions, etc. I much prefer to deal through an individual."

Under these facts, as Justice Gaines said, the principal being disclosed and the note showing that Stevenson, the agent, is bound, the bank "elected in the contract itself to look to the agent, and the principal is not liable." Heffron v. Pollard, 73 Tex. 96, 11 S.W. 165, 166. The basis for the rule was there stated to be that if plaintiffs knew when the contract was made that it was made for the benefit of a disclosed principal, "the writing showed that they had elected to look to the agent for its performance, and parol evidence was not admissible to vary the writing to show that they did not so elect." The rule is "very different from the case of an undisclosed principal", the Supreme Court there said. See Farrier v. Hopkins, 131 Tex. 75, 112 S.W.2d 182; First State Bank of Riesel v. Dyer, 151 Tex. 650, 653, 254 S.W.2d 92, 95; Garcia v. Yzaguirre, Tex.Com. App., 213 S.W. 236, 240; Day Ranch Co. v. Hubert & Woodward, Tex.Civ.App., 32 S.W.2d 252, writ ref.

In our opinion appellants' contention is correct also that judgment against Vector and Miltex was erroneous because the evidence is undisputed that the trust asserted by the bank was an express trust relating solely to realty. It was not a resulting or constructive trust. Under Art. 7425b-7, Vernon's Ann.Civ.Stat., parol evidence was not admissible to establish such an express trust. See Sevine v. Heissner, 148 Tex. 345, 224 S.W.2d 184; Morrison v. Farmer, 147 Tex. 122, 213 S.W.2d 813.

1. Gulf Liquid Fertilizer Co. v. Titus, 163 Tex. 260, 354 S.W.2d 378, relied on by appellee is a case involving the Statute of Frauds, Art. 3995, and not the parol evidence rule, or a negotiable instrument. It concerned a direct and independent promise to a creditor. The rule in Moore v. B. & M. Chevrolet Co., Tex. Civ.App., 72 S.W.2d 945, no writ, also urged by the bank, is restricted in the opinion to "instruments which are nonnegotiable" or which are not required by common law to be under seal. McFarland v. Shaw, Tex.Com.App., 45 S.W. 2d 193 involved only liability of a signatory party. In Wood v. Key, Tex.Civ. App., 256 S.W. 314, no writ, liability was asserted "outside the note". The rule quoted by appellee was not sought to be applied to the note.

■ The bank says the judgment is sustainable on its theories of ratification and estoppel. There are equitable defenses. Since they are defensive in character, they do not create liability or a cause of action. Their function is "to preserve rights, not to bring into being a cause of action." Southland Life Ins. Co. v. Vela, 147 Tex. 478, 217 S.W.2d 660, 663; Cotton Belt State Bank v. Roy H. Hatcheries, Tex. Civ.App., 351 S.W.2d 325. They do not constitute a cause of action or basis for one. Sessions v. Whitcomb, Tex.Civ.App., 329 S.W.2d 470, writ ref. n. r. e.; Jones v. Texas Gulf Sulphur Co., Tex.Civ.App., 397 S.W.2d 304, writ ref. n. r. e., and authorities cited. We have considered the bank's other theories of recovery, and none of them, in our opinion, is tenable.

We do not reach appellants' other points.

Appellee Stevenson has filed a brief in which he presents two "cross-points" asserting error in denying him judgment against one Becker who is not a party (either appearing or served) to the suit.

■ An appellee's right to present cross-points, where he has not perfected a separate appeal, as is the case here, is limited to those which "affect the interest of appellant or bear upon matters presented by the appeal." He may not, as appellee, use cross-points to assume the position of appellant to complain of a portion of the judgment against him in favor of one who is not a party to the appeal. Bowman v. Puckett, Tex.Civ.App., 185 S.W.2d 228, 231, syl. 5, approved, 144 Tex. 125, 188 S.W.2d 571, 575; and see Jackson v. Ewton, Tex. Sup., 1967, 411 S.W.2d 715, 717; opinion of Subcommittee, vol. 4, Vernon's Ann. Rules of Civil Procedure, p. 642. We have no jurisdiction of the second and third cross-points. We overrule the first.

The judgment is reversed and here rendered that appellee Stevenson, individually and as trustee, and appellee bank take nothing as against Vector and Miltex. Costs are adjudged against appellees. The judgment in other respects is affirmed.