**R.V. INDUSTRIES, a Texas General Partnership, Jose Manuel Ruiz and Miguel Villarreal, Appellants,**

**v.**

**Miguel URDIALES, Individually and as Webb County Treasurer and as Trustee, and County of Webb, Appellees.**

**No. 04–90–00355–CV.**

Court of Appeals of Texas, San Antonio.

Jan. 22, 1992.

Rehearing Denied March 20, 1992.

Francisco J. Saldana, Jr., Law Offices of Francisco J. Saldana, Jr., Laredo, for appellant.

Anna Laura Cavazos Ramirez, Michael Bukiewicz, County Attorney's Office, Laredo, for appellee.

Before PEEPLES, CARR, and GARCIA, JJ.

CARR, Justice.

The dispositive issue in this appeal, brought by both of the parties, is whether the trial court erred in imposing usury penalties against appellee, Webb County, Texas. Because we answer in the affirmative, we reverse and render a take-nothing judgment.

Appellants, R.V. Industries, Jose Manuel Ruiz, and Miguel Villarreal, brought the original suit for injunctive relief to prevent foreclosure of certain real property on which Webb County held a deed of trust. This deed of trust secured an indebtedness in connection with a loan related to an

"Economic Development Loan Agreement." Appellants subsequently filed a supplemental petition to include claims of usury. After a bench trial, the trial court found that Webb County was guilty of usury as a matter of law and imposed the penalties provided by article 5069–1.06(1) of the Texas Revised Civil Statutes. *See* TEX.REV.CIV.STAT.ANN. art. 5069–1.06(1) (Vernon 1987) (trebling of usurious interest plus reasonable attorneys' fees). The trial court, however, refused to require Webb County to forfeit the principal amount of indebtedness. *See* TEX.REV. CIV.STAT.ANN. art. 5069–1.06(2) (Vernon 1987). The trial court also refused to impose common law remedies providing for recovery of all interest paid or contracted to be paid.

The record reflects that on March 25, 1986, the parties entered into an "Economic Development Loan Agreement" providing that Webb County would loan appellants the principal amount of $460,000 to be used by appellants for the acquisition of a certain tract of land in Webb County and for the operation of a manufacturing business. This loan agreement further provided that Webb County would retain a deed of trust lien upon the land and that appellants would execute a promissory note evidencing the loan. On the same day appellants executed a deed of trust to secure payment of the indebtedness. This deed of trust gave Webb County a first lien on the real property and the improvements to be acquired for operating a manufacturing and assembly plant.

On June 20, 1986, appellants executed a promissory note in the amount of $460,000. The promissory note gave Webb County a first lien on the property and called for annual payments of interest for the first two years and annual payments of principal and interest thereafter for a total of twenty years. The record reflects that the June 20, 1986, note provided, and Webb County contracted for, interest commencing on March 15, 1986. On June 30, 1986, Webb County disbursed to appellants the loan proceeds of $460,000 in a lump sum.

Appellants became delinquent by failing to pay the installment due on March 15, 1988, or any installments due thereafter. In accordance with the deed of trust and the real estate lien note, Webb County elected to accelerate the note and so notified appellants. What resulted was the lawsuit filed in the court below.

In appellants' first point of error, appellants contend that the trial court erred in failing to require forfeiture of the principal amount of the indebtedness. *See* TEX. REV.CIV.STAT.ANN. art. 5069–1.06(2) (Vernon 1987). Appellants argue that this penalty was required because Webb County contracted for, charged, and demanded interest in amounts more than twice the maximum permissible amounts. According to appellants, Webb County charged, demanded, and contracted for interest during three distinct periods of time that should have been interest-free:

1. March 15, 1986, through March 25, 1986, during which period no documents whatsoever evidencing the loan transaction had been signed by any party and no funds had been advanced to appellants;

2. March 25,. 1986, through June 20, 1986, during which period the preliminary "Economic Development Loan Agreement" had been signed, but no promissory note had been signed by appellants (and no funds were yet advanced to appellants); and

3. June 20, 1986, through June 30, 1986, during which period no funds had been disbursed to appellants although they had executed the promissory note.

Appellants argue that the charge of any interest whatsoever during any of these three interest-free periods constitutes charging interest at more than twice the permissible rate and thereby compelled the court to impose the penalties provided under article 5069–1.06(2).

On the other hand, Webb County argues under its sole point of error that the trial court erred in imposing any usury penalties at all because the transaction in question was not usurious as a matter of law. Webb County contends that the "Spreading

Doctrine" as contained in article 5069–1.07 and Texas case law is applicable to this transaction. According to Webb County, when this doctrine is applied, the interest charged on the subject transaction is not usurious as a matter of law. *See* TEX. REV.CIV.STAT.ANN. art. 5069–1.07 (Vernon 1987). We agree.

Article 5069–1.07 provides in relevant part:

(a) On any loan or agreement to loan secured or to be secured, in whole or in part, by a lien, mortgage, security interest, or other interest in or with respect to any interest in real property, determination of the rate of interest for the purpose of determining whether the loan is usurious under all applicable Texas laws shall be made by amortizing, prorating, allocating, and spreading, in equal parts during the period of the full stated term of the loan, all interest at any time contracted for, charged, or received from the borrower in connection with the loan. . . .

(b) Notwithstanding any contrary provisions of law, any person may agree to pay, and may pay pursuant to such an agreement, any rate of interest not exceeding 18 percent per annum, if such agreement is evidenced by a written bond, note, or other contract of such person providing for a loan or other extension of credit in the original principal amount of $250,000 or more . . . and as to any such agreement to pay or payment, the claim or defense of usury by such person . . . is prohibited. . . .

TEX.REV.CIV.STAT.ANN. art. 5069–1.07(a), (b) (Vernon 1987). The clear meaning of article 5069–1.07(a) is that interest in a transaction in which a loan is secured by an interest in real property is to be spread over the entire term of the loan to determine whether a usurious rate of interest has been charged. This is commonly referred to as the "Spreading Doctrine." *See Coppedge v. Colonial Sav. & Loan Ass'n,* 721 S.W.2d 933, 937 (Tex.App.—Dallas 1986, writ ref'd n.r.e.)

This doctrine "spreads all interest at any time contracted for, charged, or received in connection with the loan over the contractual term of the loan for the purpose of determining whether it is usurious." *Coppedge,* 721 S.W.2d at 937 (quoting article 5069–1.07(a)). Once the interest is spread over the contractual term of the note, the actual rate of interest can be determined. In the case before us, it is undisputed that the principal amount of the indebtedness is $460,000, an amount well in excess of the $250,000 set forth in article 5069–1.07(b). Accordingly, the interest charged in this case is usurious only if the rate of interest exceeds 18%. *See* TEX.REV.CIV.STAT. ANN. art. 5069–1.07(b) (Vernon 1987).

The seminal case on the Spreading Doctrine is *Nevels v. Harris,* 129 Tex. 190, 102 S.W.2d 1046, 1049 (1937), in which the Texas Supreme Court laid down the following doctrine to determine usury:

If the contract for the use and detention of the principal debt is not a sum greater than such debt would produce at 10 per cent per annum from the time the borrower had the use of the money until it is repaid, it is not usurious.

Under this test, the relevant time is not determined by whether any particular lender parts with the risk of loss before the end of the note period by selling the note to another lender; it depends solely on the period that the borrower contracts to have and does have use of the funds. *Spanish Village, Ltd. v. American Mortgage Co.,* 586 S.W.2d 195, 200 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.). Keeping in mind that the rate of interest provided in the note is 3% per annum, even when the term is calculated to begin on March 15, 1986, the earliest date complained of by appellants, the actual rate of interest still falls far below the statutory limit of 18%. We find, therefore, that the interest was not usurious as a matter of law.

In addition, imposition of usury penalties is inappropriate in this case for the further reason that the parties expressed their intention in the subject deed of trust that the charging of usurious interest be avoided. The deed of trust expressly provides:

Nothing herein or in said note contained shall ever entitle Beneficiary, upon the

arising of any contingency whatsoever, to receive or collect interest in excess of the highest rate allowed by the laws of the State of Texas on the principal indebtedness hereby secured or on any money obligation hereunder and in no event shall Grantors be obligated to pay interest thereon in excess of such rate.

Such a "savings clause" reflects an intent by the parties to comply with usury laws and indicates that the spreading of interest should be used to avoid a charge of usury. *See Commerce Sav. Ass'n of Brazoria County v. GGE Management Co.,* 539 S.W.2d 71, 81 (Tex.Civ.App.—Houston [1st Dist.]), *modified,* 543 S.W.2d 862 (Tex. 1976) (savings clause in deed of trust).

Accordingly, we overrule appellants' first point of error, and because we grant Webb County's sole point of error, we need not discuss appellants' second point of error.[1]

Judgment is reversed and rendered as a take-nothing judgment.

---

**1.** In appellants' second point of error, they argue that the trial court erred in failing to apply the common law remedy of awarding all interest contracted for during the stated term of the loan.