626 JOINT VENTURE d/b/a Cedar Canyon Ranch, Charles Steger, John Gantt, and Jim Caskey, Appellants,

v.

James H. SPINKS and Claudette L. Spinks, Appellees.

No. 3–92–638–CV.

Court of Appeals of Texas, Austin.

Dec. 29, 1993.

Dennis L. Roossien, Jr., Strasburger & Price, L.L.P., Dallas, for appellants.

Donna Gregg, Law Offices of Jim Dear, P.C., Austin, for appellees.

Before POWERS, JONES and KIDD, JJ.

JONES, Justice.

James H. Spinks and Claudette L. Spinks, appellees, brought suit against 626 Joint Venture d/b/a Cedar Canyon Ranch, Charles Steger, John Gantt, and Jim Caskey (collectively, "defendants"), appellants, for a debt allegedly owed to the Spinkses. Trial was to a jury, which found that (1) Steger, Gantt, Caskey, and Don Bizzell were partners;[1] (2) the partnership's agent, Bizzell, signed a note and deed of trust on behalf of the partnership; and (3) the partnership agreed, through its agent, to pay the indebtedness to

1. Bizzell was initially named as a defendant, but apparently was dropped from the lawsuit after he

the Spinkses. Based on these findings, the trial court rendered judgment for the Spinkses.

Defendants bring four points of error. They assert that (1) as a matter of law, defendants are not liable for the indebtedness evidenced by the note because the note does not bear any of their names; (2) there is no evidence, or alternatively insufficient evidence, to sustain the jury's finding that the agent signed the note and deed of trust on behalf of the partnership; (3) there is no evidence, or alternatively insufficient evidence, to sustain the jury's finding that the partnership agreed, through its agent, to pay the indebtedness evidenced by the note; and (4) there was no evidence to support the jury instruction on ratification. We will affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The Spinkses owned 626 acres of land in Lampasas County known as Cedar Canyon Ranch. In 1985 they listed the land for sale with a real estate agent. The realtor told them a group of businessmen were interested in purchasing the property. In touring the property, Gantt and Caskey introduced themselves to the Spinkses as two of the people who were going to buy the land. A short time later, the Spinkses entered into a contract for the sale of the land with "Don Bizzell, Trustee." The Spinkses believed Bizzell signed the contract on behalf of the group, and was not signing the contract as an individual. Bizzell testified that he entered into the contract for the group.

On the date of closing, the group had not yet executed any formal written joint venture agreement, and apparently the venture did not yet have a name. The Spinkses deeded the property to "Don Bizzell, Trustee" in exchange for $300,000 cash, a note for $445,-000, and a deed of trust covering 446 of the 626 acres. The note and deed of trust were executed by "Don Bizzell, Trustee." None of the documents reflected for whom Bizzell was acting as trustee.

filed bankruptcy.

Some months after closing, Bizzell, Steger, Gantt, and Caskey executed a written joint venture agreement to form the "626 Joint Venture." The agreement was made effective as of the date of the sale of the property. Over the next three years, the joint venture actively managed the property, including paying taxes, making permanent improvements, imposing restrictive covenants, listing it as a partnership asset on tax returns, and making payments to the Spinkses.

In 1989 Bizzell informed the Spinkses by letter that the next payment due under the note would not be made. Bizzell signed the letter as Trustee for "626 Joint Venture d/b/a Cedar Canyon Ranch." After the note went into default, the Spinkses foreclosed on the property and later brought this suit to recover the deficiency balance.

### DISCUSSION

The Spinkses asserted several causes of action in their suit. They alleged that the joint venture and its individual venturers were liable for the deficiency balance both on the note and on the underlying transaction for the sale of land. In their first and third points of error, defendants assert that they are not liable because neither the joint venture's name nor the individual venturers' names are on the note. *See* Tex.Bus. & Com.Code Ann. § 3.401(a) (West 1968). Defendants argue that if they are not liable on the note, they likewise cannot be liable on the underlying transaction. They also contend that any evidence that the joint venture agreed to pay the debt was barred (1) by the parol evidence rule because it contradicts the note of which only "Bizzell, Trustee" was maker and (2) by the statute of frauds because it was not in writing.

■ In deciding a no-evidence point, we must consider only the evidence and inferences tending to support the finding of the trier of fact and disregard all evidence and inferences to the contrary. *Alm v. Aluminum Co. of Am.,* 717 S.W.2d 588, 593 (Tex. 1986), *cert. denied,* 498 U.S. 847, 111 S.Ct. 135, 112 L.Ed.2d 102 (1990); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965); *see generally* William Powers, Jr. & Jack Ratliff,

*Another Look at "No Evidence" and "Insufficient Evidence,"* 69 Tex.L.Rev. 515 (1991).

■ When reviewing a jury verdict to determine the factual sufficiency of the evidence, we must consider and weigh all the evidence and should set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951); *see also Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex.1986); *see generally* Powers & Ratliff, *supra.*

Steger, Gantt, and Caskey testified that they authorized Bizzell to purchase the land in Bizzell's name as trustee for the group. Bizzell was authorized to pay $300,000 to the Spinkses and execute, as trustee, a note for $445,000. Steger, Gantt, and Caskey testified that they intended for the obligation to be "non-recourse." They meant for the note to be an obligation of the group, but not the individual members of the group. They apparently believed that as long as Bizzell executed the note as "trustee," they would not incur personal liability on the debt.

■ Defendants contend first that any evidence that the joint venture agreed to pay the debt was barred by the parol evidence rule. We disagree. Where suit is brought on the underlying transaction rather than the note itself, the parol evidence rule is inapplicable. *National Mar-Kit, Inc. v. Forrest,* 687 S.W.2d 457, 459 (Tex.App.—Houston [14th Dist.] 1985, no writ). Moreover, even when the parol evidence rule applies, it only excludes evidence that varies the terms of an unambiguous contract. *Denman v. Hall,* 144 Tex. 633, 193 S.W.2d 515 (1946); *Lassiter v. Rotogravure Comm., Inc.,* 727 S.W.2d 8 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). The rule does not exclude evidence offered to clarify or explain an ambiguous writing. *Lassiter,* 727 S.W.2d at 9; *Byrd v. Southwest Multi-Copy, Inc.,* 693 S.W.2d 704 (Tex. App.—Houston [14th Dist.] 1985, no writ). In the present case, the references in the note and other sale documents to "Don Biz-

zell, Trustee" are ambiguous.[2] They show that the note was signed by Bizzell in a representative capacity, but do not show for whom he was acting. Accordingly, evidence showing that Bizzell was acting as a representative of the joint venture was admissible.

We also disagree with defendants' contention that any liability based on the underlying indebtedness is barred by the statute of frauds. The statute of frauds provides that certain types of promises and agreements, including contracts for the sale of real estate, are unenforceable unless in writing and signed by the person to be charged or by someone lawfully authorized to sign for him. See Tex.Bus. & Com.Code Ann. § 26.01 (West 1987). However, where one party to a contract has fully performed his obligations under it, the statute of frauds is unavailable to the other who knowingly accepts benefits and partly performs. *Estate of Kaiser v. Gifford*, 692 S.W.2d 525, 526 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *LeSage v. Dunaway*, 195 S.W.2d 729, 731 (Tex.Civ.App.—Waco 1946, no writ). In the present case, the Spinkses fully performed their part of the transaction by deeding the land to Bizzell as trustee. Bizzell paid the Spinkses $300,000 cash, and signed a note for $445,000. Over the next three years, the joint venture managed the property, made improvements to the property, and made payments to the Spinkses. Therefore, the defense of the statute of frauds is unavailable to defendants. We conclude there was legally and factually sufficient evidence for the jury to find that the joint venture agreed to pay the indebtedness underlying the note.

Defendants also argue that the absence of their names from the note relieves them of liability, notwithstanding any agreement to pay for the land. See Tex.Bus. & Com.Code Ann. § 3.401(a) (West 1968) ("No person is liable on an instrument unless his signature appears thereon."). We disagree. Even if the absence of their signatures would prevent defendants from being liable "on the note," it would not preclude their liability for the underlying indebtedness assumed when they agreed to buy the land: "Nothing in this section is intended to prevent any liability arising apart from the instrument itself. The party who does not sign may still be liable on the original obligation for which the instrument was given...." Tex.Bus. & Com.Code Ann. art. 3.401 cmt. 1 (West 1968). The Spinkses' pleadings clearly reflect that they brought suit both on the note *and* on the original indebtedness. Under these circumstances, section 3.401 does not relieve defendants of liability.

A joint venture is generally governed by the same legal rules as a partnership. *Pardco v. Spinks*, 836 S.W.2d 649, 651 (Tex.App.—El Paso 1992, writ denied); *Woodrum v. Cowan*, 468 S.W.2d 592, 598–99 (Tex.Civ.App.—Austin 1971), *modified on other grounds*, 472 S.W.2d 749 (Tex.1971). It is, of course, settled law that "[a]ll partners are liable jointly and severally for all debts and obligations of the partnership." Tex.Rev.Civ.Stat.Ann. art. 6132b, § 15(1) (West 1970 & Supp.1994). Therefore, the jury's finding that the joint venture agreed to pay the indebtedness establishes not only the joint venture's liability, but also that of the individual venturers.

We overrule points of error one and three. Because the jury's finding challenged by these points of error will support the judgment, we need not address the remaining points of error.

---

**2.** This case is distinguishable from *Vector Corp. v. First State Bank & Trust Co.*, 430 S.W.2d 536 (Tex.Civ.App.—Waco 1968, writ ref'd n.r.e.), on which defendants rely. The *Vector* court held that there was no ambiguity in a note signed by an agent "individually and as Trustee." *Id.* at 538. The evidence in *Vector* was undisputed, however, that the Bank relied on the agent personally to pay the note. *Id.* The court held that because the principal was disclosed and the agent was bound, the Bank elected to look to the agent, and the principal was not liable. *Id.*

However, *Vector* involved a suit on a note, not on the underlying transaction. *Id.* at 537. In addition, the evidence in the present case showed that both the Spinkses and defendants believed the debt was an obligation of the joint venture and not solely of Bizzell. Finally, while in *Vector* the agent was individually liable on the note, the agent in the present case, Bizzell, who signed the note only as trustee, may not be liable on the note. *See Bradford v. McElroy*, 746 S.W.2d 294 (Tex.App.—Austin 1988, no writ).

## CONCLUSION

We affirm the trial court's judgment.