**WEBB COUNTY, TEXAS, Appellant,**

v.

**MEX INDUSTRIAL SUPPLY, et al., Appellees.**

Civ. A. No. L–94–152.

United States District Court, S.D. Texas, Laredo Division.

Oct. 26, 1994.

Hugo Daniel Martinez, Asst. County Atty., Laredo, TX, for Webb County, Tex.

Marco Antonio Ramos, A Cronfel–Meurer, Laredo, TX, for Jose M. Ruiz, Beatriz V. Ruiz and Mex Indust. Supply.

## MEMORANDUM

KAZEN, District Judge.

Pending is Appellees' motion to dismiss this bankruptcy appeal. Webb County's notice of appeal was officially filed on May 21, 1993, although the document also contains a stamped date of May 20, 1993. Appellees postulate that the appeal was filed in the Laredo Division on May 20 and received in the Corpus Christi Division, the appropriate filing station, on May 21. Webb County does not dispute this assertion but also does not admit it.

The County promptly filed a designation of the issues and the record, but apparently did nothing else to pursue the appeal. Specifically, it did not comply with Local Rule 8007, requiring the parties to furnish the Clerk with copies of the papers included in their designation of the record. Moreover, while the County designated transcripts of two hearings as part of the record, there is no indication that it arranged for preparation of the transcripts under B.R. 8006, since no such transcripts are in the present record. Perhaps because of confusion over whether the filing fee had been paid, the Clerk's Office in Corpus Christi did not send the notice of appeal to the Clerk of this Court until September 16, 1994. The Laredo Clerk's Office immediately sent a notice to the parties that the appeal had been filed and that briefs were due as per B.R. 8009. That rule requires the appellant to serve and file its brief within 15 days after entry of the appeal on the docket. No briefs were timely filed. The next filing was the motion to dismiss the appeal, filed by Appellees on October 5, 1994. Only after the Court convened a hearing on October 13, 1994, did the County appear for the first time to state its position in this matter.

■ The Court pretermits the issue of whether the notice of appeal was untimely as a matter of law. The facts behind the dual file marks are not clearly established and, further, that issue requires resolution of the complex question whether Local Rule 5005 can validly negate a filing in the Laredo Division, assuming such was the case.

Appellees' second contention has merit. As indicated above, after filing its notice of appeal and designation of record and issues, Webb County did virtually nothing else to prosecute this appeal for the ensuing 16 months. Granted such inaction does not affect the validity of the appeal but it does justify such action as this Court deems appropriate, including dismissal of the appeal. B.R. 8001. In determining what action is appropriate, the Court considers Appellees' third and most substantial ground for dismissal, namely that there has already been substantial consummation of the Plan of Reorganization, making it inappropriate to reverse that process at this late date.

The key decision of the bankruptcy court opposed by Webb County is apparently reflected in Judge Schmidt's memorandum opinion of May 10, 1993, overruling Webb

County's objection to confirmation of the Plan. That opinion specifically concluded that Webb County was an unsecured creditor and did not have a valid lien on the real property in issue. The order then approved the Debtors' Plan of Reorganization. According to Debtors' undisputed allegations, the Plan of Reorganization called for a deed of trust lien on subject property to be granted to International Bank of Commerce of Laredo to secure a $300,000.00 reduction of principal. The plan also apparently contemplated the later sale of the property. Debtors were in the process of effecting that sale to satisfy the deed of trust lien.

Appellee Jose M. Ruiz has submitted an affidavit, dated October 19, 1994, detailing the extent to which he has performed under the terms of the Reorganization Plan since May 1993. Webb County does not seriously challenge the facts asserted in this affidavit other than to state that substantial consummation has not occurred "because the subject real property has not yet been transferred." While it is true that the property has not yet been sold to a third party, it was deeded in trust to the bank last year in partial consummation of the Plan. The County does not even address, much less dispute, any of the other acts done by the debtor in consummation of the Plan. The thrust of the County's argument seems to be that the Plan can be unscrambled at this late date because the debtors and the bankruptcy judge knew the County was litigating with Jose M. Ruiz and others in state court. The County asserts that "the debtor, although cognizant of the proceedings in the Texas Supreme Court, chose to disregard them." It also asserts that the Texas Supreme Court rendered a final decision which "recognized the validity of the County's lien" on the property. The record does not support that assertion. The Texas Court of Appeals opinion at 851 S.W.2d 306 says nothing about the validity of a lien. Instead it deals with the validity of a trial court ruling "imposing usury penalties" against the County. The Supreme Court opinion at 851 S.W.2d 216 merely states that the judgment of the court of appeals is reversed and then renders judgment "that R.V. Industries and others take nothing." This ruling obviously pertains to the usury claim and says nothing about the validity of a lien.

More importantly, Judge Schmidt's opinion of May 10, 1993 indicated that he was well aware of the state court litigation. Judge Schmidt's focus was on a quitclaim deed dated July 17, 1986 from the County Judge releasing all of the County's interest in the property. Judge Schmidt specifically stated: "The Quitclaim Deed was not an issue in the State Court trial." Webb County does not challenge that statement, and the statement appears to be true. Judge Schmidt then found that the County had produced no evidence concerning the quitclaim deed and had failed to meet its burden of demonstrating the invalidity of the deed.

■ The Texas Supreme Court decision which the County now says validated its lien is dated April 7, 1993. Judge Schmidt denied the County's lien on May 20, 1993. At that point the County knew precisely where it stood, i.e., it knew that Judge Schmidt was purporting to take away from it a lien which it says had been "validated" by the Texas Supreme Court. Nevertheless the County inexplicably did nothing to stay Judge Schmidt's opinion, despite having the opportunity to do so under B.R. 8005. Instead it allowed 16 months to pass, during which time Judge Schmidt's adverse ruling was being implemented. Courts have recognized as a "virtually universal principle" that a reorganization plan, once implemented, should be disturbed only for compelling reasons. *In re UNR Indus., Inc.,* 20 F.3d 766, 769 (7th Cir.1994). The Court concludes that this case has passed the point beyond which the Court cannot and should not order fundamental changes in the reorganization plan. *See In re AOV Indus., Inc.,* 792 F.2d 1140, 1147 (D.C.Cir.1986). Appellees' motion to dismiss this appeal shall be GRANTED.