Maria ANGUIANO, Appellant,

v.

The STATE of Texas, Appellee.

Diana Renteria DOMINGUEZ, Appellant,

v.

The STATE of Texas, Appellee.

Nos. C14–88–01089–CR,
A14–88–01090–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 22, 1989.

Conrad Day, Bellville, for appellants.

Daniel W. Leedy, Austin Co. Atty., Bellville, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellants, Maria Anguiano and Diana Renteria Dominguez, appeal their judgments of conviction for the offense of prostitution. TEX.PENAL CODE ANN. § 43.02(a)(1) (Vernon 1989). The jury rejected appellants' "not guilty" pleas and found appellants guilty as charged in the indictment. The trial court assessed punishment at 60 days confinement in the county jail, probated for one year, with a fine of $100. We affirm.

In early 1988, local police officials became concerned about the escalating problem of prostitution in Sealy, Texas. Because the local law enforcement officers were believed to be too well known in the community, the police department recruited some officers from the Houston police department. Officer R. Munoz was one of the Houston officers engaged to ferret out practitioners of the world's oldest profession.

On May 13, 1988, officer Munoz, dressed in plain clothes, went to Vic's bar. Officer

Munoz, in an attempt to mix with the crowd, ordered beers, played pool and danced. The officer engaged several women in conversation to ascertain their sexual inclinations. While there, officer Munoz met appellants. According to the officer, the following dialogue occurred between him and Anguiano and, afterwards, between him and Dominguez:

Q: Haces Movidas?
(Do you date?)

A: Sí.
(Yes.)

Q: Que tanto cobras para coger?
(How much do you charge for a f—k?)

A: Veinticinco.
(Twenty-five.)

Q: Que cobras para mamar?
(What do you charge for a blow-job?)

A: Diez mas.
(Ten more.)

The officer stated that the dialogue with Anguiano progressed further with her statement that she and Munoz would "have to go to a motel down the street." After Munoz had these conversations, he left Vic's (without the women), contacted Sealy officers, and went to another bar. Appellants were arrested shortly thereafter.

■ In point of error one, appellants contend the trial court erred by overruling their motion for directed verdict. We need not review the propriety of such ruling. The record shows that, after the oral motion was made when the State rested its case, appellants put on their defense and thereby waived that contention. *Kuykendall v. State*, 609 S.W.2d 791, 794 (Tex. Crim.App.1980); *Shirley v. State*, 501 S.W.2d 635, 637 (Tex.Crim.App.1973); *Erlandson v. State*, 763 S.W.2d 845, 855 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd). Point of error one is overruled.

■ In point of error two, appellants challenge the sufficiency of the evidence to support their convictions. Specifically, appellants contend the evidence fails to show that they offered or agreed to engage in sexual conduct with Officer Munoz.

In *Mattias v. State*, 731 S.W.2d 936, 937 (Tex.Crim.App.1987), the Texas Court of Criminal Appeals held that intent to consummate an offer or agreement to engage in sexual conduct for a fee is not an element of the offense of prostitution. Simply quoting a price, even without 'protracted negotiations,' apparently suffices to establish an offer or agreement. *Id.* at 942. Therefore, it matters not that appellants may not have intended for Munoz to be the recipient of such services. *See also Ozack v. State*, 646 S.W.2d 941, 944 (Tex.Crim. App.1983). Point of error two is overruled.

■ In point of error three, appellants argue the trial court erred by failing to grant their motion for mistrial after Officer Munoz stated his "legal conclusion" that appellants were "offering or agreeing" to engage in sexual conduct based on his conversations with them.

In the instant case, Officer Munoz was asked whether he believed that the dialogue with appellant, Maria Anguiano, meant "she was offering or agreeing to engage." Munoz responded, "Agreeing." Appellants conclude that Officer Munoz's response was an impermissible legal conclusion. However, the question more appropriately suggests that the State was asking Munoz's opinion of appellant's demeanor during the dialogue. *Ashley v. State*, 527 S.W.2d 302 (Tex.Crim.App.1975). Therefore, such an opinion based on this witnesses' perception is admissible. Tex.R. Crim.Evid. 701, 704.

■ Moreover, even if such opinion were in error, the error was harmless. It is well-settled that an error in asking an improper question or in admitting improper testimony may be cured or rendered harmless by a withdrawal of the testimony and an instruction to disregard it. *Guzmon v. State*, 697 S.W.2d 404 (Tex.Crim.App.1985), *cert. denied*, 475 U.S. 1090, 106 S.Ct. 1479, 89 L.Ed.2d 734 (1986); *Sheppard v. State*, 545 S.W.2d 816 (Tex.Crim.App.1977). An exception is made in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury. *White v. State*, 444 S.W.2d 921, 922 (Tex.Crim.App.1969). Here, Munoz was not asked whether he believed Angui-

ano's responses constituted prostitution. *Cf. Ozack v. State*, 646 S.W.2d 941, 943 (Tex.Crim.App.1983). The jury heard the officer's further testimony that Anguiano subsequently suggested that she and the officer go to a nearby motel. The jury also heard Anguiano's and Dominguez's testimony which disputed the occurrence of any sexual dialogue. The trial court sustained appellants' objection to this testimony and instructed the jury that the officer's opinion should not be considered. The testimony, under all relevant circumstances, was rendered harmless. *Johnson v. State*, 760 S.W.2d 797 (Tex.App.—Dallas 1988, no pet.). Moreover, there was other testimony properly in evidence upon which the jury could reach its own determination whether appellants committed prostitution. Point of error three is overruled.

In point of error four, appellants complain the trial court erred by failing to grant their motion for mistrial after Officer Campos referred to Dominguez as "one of the prostitutes."

Lieutenant Simon Campos of the Sealy Police Department testified about the City of Sealy's prostitution problem, the decision to investigate such problem, and his association with Officer Munoz. In response to the State's request for identification of two photographs, Campos stated with respect to State's Exhibit 1: "Yes, that's one of the prostitutes, I guess, Diana Dominguez." Appellants objected to this response and the trial court sustained the objection and instructed the jury to disregard the response. The State did not make any efforts to exacerbate the effect of this response nor does the record demonstrate that the remark was intentionally made. The harm, if any, was cured by the instruction to the jury to disregard such response. *Stahl v. State*, 749 S.W.2d 826 (Tex.Crim.App.1988); *McWherter v. State*, 607 S.W.2d 531 (Tex.Crim.App.1980); *Koller v. State*, 518 S.W.2d 373 (Tex.Crim.App. 1975). *See and compare William v. State*, 643 S.W.2d 136 (Tex.Crim.App.1983). Point of error four is overruled.

In point of error five, appellants' contend the trial court erred by admitting Officer Munoz's "legal conclusions" concerning the sufficiency of the evidence to "make" a prostitution case. During re-direct examination, the State asked Officer Munoz the following:

Q: If you were speaking to somebody— you were speaking to somebody at Vic's and you just asked them the first question up here on the board, "Haces movidas," and they said, "Si," in your mind, would that be enough to make a prostitution case?

A: No, sir, nowhere nears.

Q: What if you said, "Haces movidas," and they said, "Si," and then said $25?

A: That's still not good enough.

Q: Why is that?

A: There has to be an act and how much money for that act.

At that point, appellants objected on the basis that Munoz was not qualified as an expert in the law in order to state such a "conclusion." On appeal, however, appellants specifically complain about the *effect* of such testimony—that it "served to inflame the minds of the jury." These two errors are distinct in character, e.g., qualification of the witness to give an opinion versus the effect of such opinion. Thus, the trial objection was insufficient to preserve the error presented on appeal. *Burdine v. State*, 719 S.W.2d 309 (Tex.Crim. App.1986). Tex.R.App.P. 52.

Nonetheless, even if the admission of such testimony were in error, the error was harmless. During voir dire, both the State and defense discussed the elements which constitute the offense of prostitution. Defense counsel listed the elements of prostitution on a blackboard which remained in the courtroom throughout the trial. According to defense counsel, the State would have to show that: (1) Anguiano and Dominguez, (2) knowingly, (3) agreed or offered to engage, (4) in sexual conduct, (5) for a fee. During examination of officer Munoz, it was revealed that, out of his eleven years with the Houston Police Department, he had been in the vice division for the past nine years. His duties

with vice were to enforce liquor laws, prostitution, gambling and pornography. At the time of the objected-to dialogue, the State was attempting to ask the officer's opinion from his vice experience what must occur before he could arrest a suspect in a prostitution investigation. The officer was not asked whether in his opinion appellants had engaged in prostitution or, whether the instant facts constitute the offense of prostitution. Further, the officer's subsequent testimony revealed that the elements for such an arrest needed to correspond with the elements which were listed on the blackboard.[1] Therefore, the officer's statement as to the elements of an arrestable prostitution offense should come as no surprise to the jury.

Appellants' theory at trial was that Munoz's alleged dialogue with them did not occur, or, if it did occur, his statements were subject to different interpretations.[2] Cf. *Suniga v. State*, 733 S.W.2d 594 (Tex. App.—San Antonio 1987, no pet). The State did not dwell upon such testimony during examination or closing arguments. Further, the trial court's charge instructed the jury regarding the elements which must be found to constitute prostitution and "the fact that [appellants have] been arrested, confined, or otherwise charged with the offense gives rise to no inference of guilt." The officer's statement herein was harmless under the circumstances beyond a reasonable doubt and it made no contribution to the verdict or punishment obtained. TEX.R.APP.P. 81(b)(2). Point of error five is overruled.

1. Q: And what was it about those other people that you spoke with that led you to believe you did not have a good case?
   A: They didn't have all the elements that's written up there.

2. On cross-examination, appellants' counsel asked Munoz:

Q: Do you know if its possible that [haces movidas] could refer to a chess move, like a move in a chess game?
A: It could mean a number of things.
Q: And how about mamar? What is the translation for mamar?
A: It could mean an infant sucking on a bottle.