ACCEPTED
04-15-00077-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/29/2015 12:00:00 AM
KEITH HOTTLE
CLERK

# NO. 04-15-00077-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
06/28/2015 12:57:34 PM
KEITH E. HOTTLE
Clerk

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

HARRY OLIVER WINKENHOWER

APPELLANT

V.

GEORGE ALLAN SMITH, INDEPENDENT EXECUTOR OF THE
ESTATE OF LYDA CATHERINE SMITH, DECEASED

APPELLEE

From the 198th District Court of Bandera County, Texas
Trial Court No. CV-14-0000018
Honorable M. Rex Emerson, Judge Presiding

# BRIEF OF APPELLANT,
# HARRY OLIVER WINKENHOWER

Dan Pozza
State Bar No. 16224800
Attorney at Law
239 East Commerce Street
San Antonio, Texas  78205
(210) 226-8888 – Phone
(210) 224-6373 – Fax
danpozza@yahoo.com

Cynthia Cox Payne
State Bar No. 24001935
P.O. Box 1178
1118 Main Street
Bandera, Texas  78003
(830) 796.7030 – Phone
(830) 796.7945 – Fax
cpayne@paynelawfirm.net

ATTORNEYS FOR APPELLANT,
HARRY OLIVER WINKENHOWER

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

**Appellant**

Harry Oliver Winkenhower

**Appellate Counsel**

Dan Pozza
State Bar No. 16224800
Attorney at Law
239 East Commerce Street
San Antonio, Texas 78205
(210) 226-8888 – Phone
(210) 224-6373 – Fax
danpozza@yahoo.com

**Appellate and Trial Counsel**

Cynthia Cox Payne
State Bar No. 24001935
P.O. Box 1178
1118 Main Street
Bandera, Texas 78003
(830) 796.7030 – Phone
(830) 796.7945 – Fax
cpayne@paynelawfirm.net

**Appellee**

George Allan Smith
Independent Executor of the Estate of
Lyda Catherine Smith, Deceased

**Appellate and Trial Counsel**

Brent Barton Hamilton
State Bar No. 00796696
Attorney at Law
1602 13th Street
Lubbock, Texas 79402-3831
(806) 771-1850 – Phone
(806) 771-3750 – Fax
brent@shlawgroup.com

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL ........................................................................ ii

TABLE OF CONTENTS ................................................................................................... iii

INDEX OF AUTHORITIES ............................................................................................... v

STATEMENT OF THE CASE .......................................................................................... ix

STATEMENT REGARDING ORAL ARGUMENT ........................................................... x

ISSUES PRESENTED ...................................................................................................... xi

1. The trial court erred in granting Smith's motion for summary judgment as to Winkenhower's counterclaim based on partial performance. ......................................................................................... xi

2. The trial court erred in granting Smith's motion for summary judgment as to Winkenhower's counterclaim based on quasi-estoppel. ........ xi

3. The trial court erred in sustaining Smith's objections to Winkenhower's summary judgment evidence. ............................................ xi

STATEMENT OF FACTS ................................................................................................. 1

SUMMARY OF THE ARGUMENT ................................................................................. 4

ARGUMENT .................................................................................................................... 4

I. Standard of review for traditional and no-evidence summary judgments. ................................................................................................. 4

II. Winkenhower raised genuine issues of material fact on the existence of an oral agreement. ............................................................................... 6

III. Winkenhower raised genuine issues of material fact on his performance of the oral agreement to avoid the application of the statute of frauds. ................................................................................... 10

IV.    Winkenhower raised genuine issues of material fact on quasi-estoppel to avoid the application of the statute of frauds. ........................................... 11

V.    Winkenhower presented competent summary judgment evidence. ............. 13

    A.    Parol-Evidence Rule. ............................................................................ 14

    B.    Dead Man's Rule. ................................................................................. 15

    C.    Conclusory, speculative and hearsay. ................................................. 16

CONCLUSION AND PRAYER ............................................................................. 19

CERTIFICATE OF SERVICE ............................................................................. 20

CERTIFICATE OF COMPLIANCE .................................................................... 21

APPENDIX

Tab A    Order on Plaintiff's Traditional and No Evidence Motion for Summary Judgment on Defendant's Counterclaims

Tab B    Order on Defendant's Objections to Evidence

Tab C    Order on Plaintiff's Objections to Defendant's Summary Judgment Evidence

Tab D    April 22, 2001 notarized letter from Mary Emma Winkenhower to her children, Harry O. Winkenhower Jr. and Lyda Cay Smith concerning disposition of the Medina Ranch

# INDEX OF AUTHORITIES

**Cases**                                                                   **Page**

*626 Joint Venture v. Spinks,*
    873 S.W.2d 73 (Tex. App.—Austin 1993, no writ) ............................... 12

*Academy of Skills & Knowledge, Inc. v. Charter Sch., USA, Inc.,*
    260 S.W.3d 529 (Tex. App.—Tyler 2008, pet. denied)............................9

*Anguiano v. State*,
    774 S.W.2d 344 (Tex. App.—Houston [14th Dist.] 1989, no pet.) ......... 17

*Atkinson Gas Co. v. Albrecht*,
    878 S.W.2d 236 (Tex. App.—Corpus Christi 1994, writ denied)........... 12

*B & W Sup. v. Beckman*,
    305 S.W.3d 10 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)..........9

*Binur v. Jacobo,*
    135 S.W.3d 646 (Tex. 2004). ....................................................................4

*Boyert v. Tauber,*
    834 S.W.2d 60 (Tex. 1992) .................................................................... 10

*Browning–Ferris, Inc. v. Reyna*,
    865 S.W.2d 925 (Tex. 1993) ....................................................................6

*Byrum v. State*,
    762 S.W.2d 685 (Tex. App.—Houston [14th Dist.] 1988, no pet.) ......... 17

*Cambridge Prod., Inc. v. Geodyne Nominee Corp.*,
    292 S.W.3d 725 (Tex. App.—Amarillo 2009, pet. denied) .................... 11

*Campbell v. Groves*,
    774 S.W.2d 717 (Tex. App.—El Paso 1989, writ denied)...................... 17

*Casso v. Brand*,
    776 S.W.2d 551 (Tex. 1989) .................................................................. 13

*Chase Commercial Corp. v. Datapoint, Corp.*,
    774 S.W.2d 359 (Tex. App.—Dallas 1989, no writ)............................... 17

*Choi v. McKenzie*,
　　975 S.W.2d 740 (Tex. App.—Corpus Christi 1998, pet. denied) ........... 10

*Davis v. Argonaut Sw. Ins. Co.,*
　　464 S.W.2d 102 (Tex. 1971) ................................................................ 18

*Estate of Kaiser v. Gifford,*
　　692 S.W.2d 525
　　(Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) ......................... 12

*Ethicon, Inc. v. Martinez*,
　　835 S.W.2d 826 (Tex. App.—Austin 1992, writ denied) ....................... 17

*Fasken Land & Minerals, Ltd. v. Occidental Permian, Ltd.,*
　　225 S.W.3d 577 (Tex. App.—El Paso 2005, pet. denied)....................... 11

*Ford Motor Co. v. Ridgway,*
　　135 S.W.3d 598 (Tex. 2004) ..................................................................5

*Forney 921 Lot Dev. Partners, I, L.P. v. Paul Taylor Homes, Ltd.*,
　　349 S.W.3d 258 (Tex. App.—Dallas 2011, pet. denied) ....................... 12

*Frost Nat'l Bank v. Burge,*
　　29 S.W.3d 580 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ........... 12

*Fulmer v. Rider*,
　　635 S.W.2d 875 (Tex. App.—Tyler 1982, writ ref'd n.r.e.) ................... 15

*Hamilton v. Morris Res., Ltd.*,
　　225 S.W.3d 336 (Tex. App.—San Antonio 2007, pet. denied) .............. 12

*Jackson v. Hernandez,*
　　285 S.W.2d 184 (Tex. 1955) ................................................................ 14

*Johnson v. Brewer & Pritchard, P.C.*,
　　73 S.W.3d 193 (Tex. 2002) ....................................................................6

*King Ranch, Inc. v. Chapman*,
　　118 S.W.3d 742 (Tex. 2003) ............................................................ 5, 11

*Lewis v. Foster*,
　　621 S.W.2d 400 (Tex. 1981) ................................................................ 15

*Liberty Mut. Ins. Co. v. Nelson,*
142 Tex. 370, 178 S.W.2d 514 (1944) ...................................................... 18

*Lopez v. Munoz, Hockema & Reed, L.L.P.,*
22 S.W.3d 857 (Tex. 2000) ............................................................. 11, 12

*Lowe v. State,*
163 Tex. Crim. 578, 294 S.W.2d 394...................................................... 18

*Lozano v. Lozano,*
52 S.W.3d 141 (Tex. 2001) ...................................................................6

*McLaughlin, Inc. v. Northstar Drilling Techs.,*
138 S.W.3d 24 (Tex. App.—San Antonio 2004, no pet.) .........................9

*Mutual Life Insurance Co. v. Hillmon,*
145 U.S. 285 (1892)................................................................... 18

*Nixon v. Mr. Prop. Mgmt. Co.,*
690 S.W.2d 546 (Tex. 1985) ...................................................................5

*Provident Life & Acc. Ins. Co. v. Knott,*
128 S.W.3d 211 (Tex. 2003) ....................................................................4

*Sharp v. Stacy,*
535 S.W.2d 345 (Tex. 1976) ................................................................ 10

*Stovall & Assocs. v. Hibbs Fin. Ctr., Ltd.,*
409 S.W.3d 790 (Tex. App.—Dallas 2013, no pet.) .............................. 10

*Strandberg v. Spectrum Office Bldg.,*
293 S.W.3d 736 (Tex. App.—San Antonio 2009, no pet.) .......................4

*Texaco, Inc. v. Pennzoil, Co.,*
729 S.W.2d 768
(Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.) ........................ 18

*Turro v. State,*
950 S.W.2d 390 (Tex. App.—Fort Worth 1997, pet. ref'd).................... 17

*Yancy v. United Surgical Partners Int'l, Inc.,*
236 S.W.3d 778 (Tex. 2007) ................................................................ 17

**Rules** **Page**

Texas Rule of Civil Procedure 166 .................................................................. 4, 5
Texas Rule of Evidence 601 ...................................................................... 15, 16
Texas Rule of Evidence 701 ...................................................................... 17, 19
Texas Rule of Evidence 801 ........................................................................... 19
Texas Rule of Evidence 803 ........................................................................... 18

# STATEMENT OF THE CASE

*Nature of the case.* Plaintiff, George Allen Smith, Independent Executor of the Estate of Lyda Catherine Smith, Deceased ("Smith") sued Henry (sic) Oliver Winkenhower seeking a partition of certain real property located in Bandera County. CR 5-7. Winkenhower filed a counterclaim seeking to enforce an oral agreement to convey this real property into a family trust. Winkenhower asserts that his performance of that oral agreement is an exception to the statute of frauds. Winkenhower also asserts that Smith, having enjoyed the benefits of Winkenhower's performance, is estopped to deny the agreement. CR 145-148.

*Course of proceedings.* Smith filed a traditional and no evidence summary judgment motion to Winkenhower's counterclaim. CR 20-142. Winkenhower filed a response. CR 152-95. Both the motion and response attached summary judgment evidence. The parties filed replies as well as objections to much of the summary judgment evidence. CR 196-220, 221-33.

*Trial court disposition.* The trial court entered written orders on the parties' objections to the summary judgment evidence. Tab B. CR 239. Tab C. CR 234-37. The trial court granted the motion for summary judgment. Tab A. CR 241.

## STATEMENT REGARDING ORAL ARGUMENT

Given the subtlety of the interplay between the statute of frauds and the recognized exceptions such as partial performance and quasi-estoppel and given the numerous evidentiary objections and rulings, Winkenhower believes that this Court's decisional process will be aided by oral argument.

# ISSUES PRESENTED

1. The trial court erred in granting Smith's motion for summary judgment as to Winkenhower's counterclaim based on partial performance.

2. The trial court erred in granting Smith's motion for summary judgment as to Winkenhower's counterclaim based on quasi-estoppel.

3. The trial court erred in sustaining Smith's objections to Winkenhower's summary judgment evidence.

**TO THE HONORABLE FOURTH COURT OF APPEALS:**

Appellant, HARRY OLIVER WINKENHOWER, files this his Brief of Appellant, and respectfully shows the Court as follows:

## STATEMENT OF FACTS

The real property that is the subject of this partition suit is approximately 198 acres located in Bandera County and is called the "Medina Ranch" by the family. It was purchased in 1959 by Harry Oliver Winkenhower, Sr. and Mary Emma Winkenhower, to be used for recreational purposes. CR 24, 115, 153. Harry Oliver Winkenhower, Sr. and Mary Emma Winkenhower had two children: Harry Oliver Winkenhower, Jr. (the appellant here) and Lyda Catherine (Winkenhower) Smith (her estate is the appellee here). CR 24, 114-15. Their father, Harry Sr. died March 1, 1970. CR 121.

On April 22, 2001, Mary Emma wrote a notarized letter to her two children, Harry Jr. and Lyda Cay, informing them of her "wishes for the ranch in Medina, Texas. In the near future I will have my wishes legally written into my will…It is to remain one property and I will it to bloodline family…Only bloodline family members will be able to have any claim to the ranch. These are my wishes children and I know you will both respect what I am asking you." Tab D. CR 166.

Mary Emma died January 5, 2005. CR 121. Thereafter, to honor and memorialize their mother's wish concerning the Medina Ranch, Lyda Cay and

Harry Jr., along with their families, began discussing placing the Medina Ranch in what Mary Emma had referred to as a bloodline trust. The terms of the trust were discussed in 2007. The appellee, Executor George Smith, was involved in those discussions and, at that time, was acting consistent with Mary Emma's wish. CR 167-68, 181-83.

For various reasons, the discussions about the formation of a trust and an agreement as to its terms were not finalized until April, 2011. On April 20, 2011, Lyda Cay and her husband, George (the appellee) met with Harry Jr. and his wife and children at Mary Emma's house in San Antonio. The purpose of the meeting was to discuss various family business matters. Those business matters were (1) a disputed balance on a personal loan made by the Smith family to the Winkenhower family during the time the Winkenhower family was taking care of Mary Emma and (2) the issue of honoring Mary Emma's wish concerning the ultimate disposition of the Medina Ranch. CR 162-95.

At that meeting, Harry Jr. and Lyda Cay agreed that if Harry Jr. would convey his undivided one-half interest in their mother's home to Lyda Cay, then Lyda Cay would forgive the indebtedness owed her on the personal loan and she would contribute her interest in the Medina Ranch to a bloodline trust. Harry Jr. would contribute his interest in the Medina Ranch to this soon to be created trust as well. CR 162-95. Harry Jr. signed a document promising to relinquish his interest

in the San Antonio homestead for forgiveness of the debt. CR 140. Thereafter, Harry Jr. paid consideration by signing the deed relinquishing such interest (CR 177-79) and made improvements to the Medina Ranch in anticipation of its transfer into the bloodline trust. CR 162-63.

Unfortunately, Lyda Cay's illness took her life less than two months later on June 20, 2011 before the agreement could be formalized or the trust could be created. Lyda Smith's will was admitted to probate in Tarrant County on March 6, 2012. Lyda's will named her husband, George Allen Smith, as the Independent Executor of her Estate. The probate matter is still pending in Tarrant County Probate Court No. 2. CR 131-40.

Smith filed his petition seeking partition of the Medina Ranch on January 21, 2014. CR 5-7. By way of amended answer and counterclaim, Winkenhower alleges that he performed under the oral agreement and that his partial performance is an exception to the statute of frauds. Winkenhower also alleges that because Smith has benefited from Winkenhower's performance under the oral agreement, Smith is estopped from denying the agreement. Winkenhower seeks enforcement of the oral agreement. CR 145-48. The motion for summary judgment, responses, replies and ultimately several trial court orders followed, including the order granting Smith's summary judgment motion, from which this appeal ensues.

## SUMMARY OF THE ARGUMENT

The agreement of Harry Jr. and Lyda Cay to honor their mother's wish concerning the family ranch has been thwarted by Lyda Cay's husband who, having accepted benefits under the agreement, now seeks to repudiate that agreement by partitioning the family ranch. Competent summary judgment evidence was introduced to raise genuine issues of material fact on the existence of the children's agreement, on Harry Jr.'s performance of the agreement and on Smith's knowing acceptance of the benefits of the agreement. The trial court erred in summarily ending these factual disputes before such disputes could be properly evaluated by a fact finder. Winkenhower is entitled to a jury trial on these issues.

## ARGUMENT

**I.    Standard of review for traditional and no-evidence summary judgments.**

A party may move for both traditional and no-evidence summary judgment. *Binur v. Jacobo,* 135 S.W.3d 646, 650 (Tex. 2004). Appellate courts review the grant of summary judgment, both traditional and no-evidence, de novo. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Strandberg v. Spectrum Office Bldg.*, 293 S.W.3d 736, 738 (Tex. App.—San Antonio 2009, no pet.). A party moving for traditional summary judgment has the burden of establishing that no material fact issue exists and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). In reviewing the

granting of a traditional summary judgment, appellate courts consider all the evidence in the light most favorable to the non-movant, indulging all reasonable inferences in favor of the non-movant, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985).

A movant is entitled to no-evidence summary judgment if, "[a]fter adequate time for discovery, ... there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). The trial court must grant the motion unless the non-movant produces summary judgment evidence to raise a genuine issue of material fact on the issues the movant has raised. TEX. R. CIV. P. 166a(i). "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 600 (Tex. 2004). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

When determining if more than a scintilla of evidence has been produced in response to a Rule 166a(i) motion for summary judgment, the evidence must be

viewed in the light most favorable to the non-movant. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002). Both direct and circumstantial evidence may be used to establish any material fact. *Lozano v. Lozano*, 52 S.W.3d 141, 149 (Tex. 2001); *Browning–Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 928 (Tex. 1993).

**II.     Winkenhower raised genuine issues of material fact on the existence of an oral agreement.**

Winkenhower's summary judgment evidence supports the existence of a valid, enforceable, oral contract, specifically: there was a meeting of the minds when George and Lyda Cay Smith and Winkenhower and his wife and three children met at Mary Emma's house on April 20, 2011. At that meeting, Lyda Cay agreed to honor her parents' wishes and contribute her share of the Medina Ranch to a blood-line trust in exchange for Winkenhower relinquishing his share of his mother's house in San Antonio along with satisfying debt he owed to Lyda Cay.

Winkenhower's deposition testimony, to which there was no specific objection, raises a genuine issue of material fact on the existence of this oral agreement.

Q:     Is it your position that the proposed partition (of the Medina Ranch) is not fair to you or that the property cannot be or should not be partitioned?

A:     Is should not be partitioned.

Q:     Okay.  Now tell me why you say that.

A:     Because I gave up through – my sister and I agreed that she would take the house in town, and I would get the –actually the --- her part of Medina would be taken, put in a bloodline trust for my children.

CR 184-85.

Q:     You say that in spring of 2000 that there was an oral agreement that in exchange for conveying your interest in the San Antonio house, that Lyda Cay was to convey the interest in the ranch.

A:     That is correct.

CR 186-87.

Q.     But, in fact, I wrote you a letter and asked you to go ahead and convey the house over to the estate as a result of the existence of your written agreement in 16, correct?

A.     Yes. And at that time I told you there was an agreement between my sister and I. And that you said, Hanks says there was no contract. And I'm saying there is a verbal contract.

CR 188.

Q:     The counterclaim that you made mentions that there would be a bloodline trust created, correct?

A:     That's correct.

CR 189.

Q:     Well, and so here's what I'm trying to figure out is, are you---do you have an obligation to convey the property into a bloodline trust?

A:     I do.

CR 190.

Q:  And you then—did you then negotiate with your sister as to how that would happen and under what circumstances?

A:  Prior to that meeting [April 23, 2011], there was a bloodline trust being worked on.

Q:  Being worked on.

A:  Yes, by Brent [Smith's attorney in this appeal]

Q:  Okay. And did he --- do you have any correspondence with him or from him or a draft from him with regard to the bloodline trust?

A:  Yes.

CR 191.

Q:  Do you recall whether this document, which is titled Response to Trust Agreement was sent to Mr. Hamilton as attorney drafting the trust agreement?

A:  I don't know.

Q:  Okay. And, if you would look at the last page, and describe for the jury what that says.

A:  From Habys to G.S. Smith at Bell Helicopter.

CR 192-93.

Q:  And is there a reason do you recall a reason that you did not get a like representation? [referring to CR 95-96]

A:  No, because they had agreed to it.

CR 194.

Q: And with regard to your children, you believe your agreement in April of 2011, do you believe it was with – between you and your sister?

A: I do.

CR 195.

Winkenhower's summary judgment evidence raises a genuine issue of material fact about whether there was an oral agreement between Winkenhower and his sister whereby both of them would transfer their respective interests in the Medina Ranch into a family trust and in consideration, Winkenhower would transfer his interest in the family home to his sister. Such transfer of Winkenhower's interest in the family home also extinguished a loan balance he owed to his sister. CR 162-95. There is an offer, acceptance, mutual assent, and consideration. *B & W Sup. v. Beckman*, 305 S.W.3d 10, 16 (Tex. App.—Houston [1st Dist.] 2009, pet. denied); *Academy of Skills & Knowledge, Inc. v. Charter Sch., USA, Inc.,* 260 S.W.3d 529, 536 (Tex. App.—Tyler 2008, pet. denied); *McLaughlin, Inc. v. Northstar Drilling Techs.*, 138 S.W.3d 24, 27 (Tex. App.—San Antonio 2004, no pet.).

Smith has breached this agreement. Smith has filed the subject suit seeking partition or sale of the Medina Ranch. This partition is Winkenhower's injury. The filing of the partition suit expresses the intent to ignore the agreement. Partition would deprive Winkenhower and his family of the use and enjoyment of the entire

tract known as the Medina Ranch. The partition undermines the intent Winkenhower's parents and sister had concerning the use of this property. Winkenhower gave up his interest in the family home and stands ready to convey his Medina Ranch interest into the agreed upon trust. Winkenhower has performed. Smith has accepted the benefit of that performance but refuses to honor the obligation that goes with that acceptance.

### III. Winkenhower raised genuine issues of material fact on his performance of the oral agreement to avoid the application of the statute of frauds.

An oral agreement may be enforceable despite the statute of frauds if the agreement has been partially performed. *See Stovall & Assocs. v. Hibbs Fin. Ctr., Ltd.*, 409 S.W.3d 790, 800 (Tex. App.—Dallas 2013, no pet.). A partially performed oral contract for the sale or lease of real estate is enforceable. *Id.* at 801; *Choi v. McKenzie*, 975 S.W.2d 740, 743 n. 2 (Tex. App.—Corpus Christi 1998, pet. denied).

To raise genuine issues of material fact on partial performance, a party need only show more than a scintilla of evidence that he or she paid consideration, took or surrendered possession of land and made valuable improvements to land or, if no improvements were made, that other factors would make the transaction fraudulent if not enforced. *Boyert v. Tauber*, 834 S.W.2d 60, 63 (Tex. 1992) (purchaser); *Stovall & Assocs. v. Hibbs Fin. Ctr., Ltd.*, 409 S.W.3d at 800-01 (lessee); *see Sharp v. Stacy,* 535 S.W.2d 345, 347 (Tex. 1976).

Winkenhower paid consideration by signing a deed conveying his interest in his mother's property to his sister's estate which allowed all the consideration for that sale to be paid to his sister's estate. Winkenhower surrendered possession and title of his mother's home in San Antonio when he signed the deed. Winkenhower made improvements to the family ranch in Medina, Texas. CR 162-195. More than a scintilla of evidence exists on Winkenhower's performance of an oral agreement in that the evidence rises to the level that would enable reasonable and fair minded people to differ in their conclusions on this issue. *King Ranch, Inc. v. Chapman,* 118 S.W.3d at 751. This is all Winkenhower has to show to entitle him to present his counterclaim to a fact finder. The trial court should not have summarily ended that claim by its judgment. The fact finder must be permitted to evaluate this disputed issue to prevent a fraud from being perpetrated on Winkenhower.

## IV. Winkenhower raised genuine issues of material fact on quasi-estoppel to avoid the application of the statute of frauds.

Quasi-estoppel is an equitable doctrine that prevents a party from asserting, to another's disadvantage, a right that is inconsistent with a position previously taken by that party. *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000). Although similar to equitable estoppel, quasi-estoppel does not require "proof of a false statement or detrimental reliance." *Cambridge Prod., Inc. v. Geodyne Nominee Corp.*, 292 S.W.3d 725, 732 (Tex. App.—Amarillo 2009, pet. denied); *accord Fasken Land & Minerals, Ltd. v. Occidental Permian, Ltd.,* 225

S.W.3d 577, 593 (Tex. App.—El Paso 2005, pet. denied). Quasi-estoppel focuses on one party's unjustly received benefits rather than on the other party's detriment.

Quasi-estoppel "applies when it would be unconscionable to allow a person to maintain a position inconsistent with one to which he acquiesced, or from which he accepted a benefit." *Lopez*, 22 S.W.3d at 864; *see also Forney 921 Lot Dev. Partners, I, L.P. v. Paul Taylor Homes, Ltd.*, 349 S.W.3d 258, 268 (Tex. App.—Dallas 2011, pet. denied); *Hamilton v. Morris Res., Ltd.*, 225 S.W.3d 336, 346 (Tex. App.—San Antonio 2007, pet. denied); *Atkinson Gas Co. v. Albrecht*, 878 S.W.2d 236, 240 (Tex. App.—Corpus Christi 1994, writ denied) ("[Q]uasi estoppel forbids a party from accepting the benefits of a transaction ... and then subsequently taking an inconsistent position to avoid corresponding obligations or effects.").

The statute of frauds defense is unavailable to a party who knowingly accepts the benefits of another party's full performance and partly performs. *626 Joint Venture v. Spinks,* 873 S.W.2d 73, 76 (Tex. App.—Austin 1993, no writ); *Estate of Kaiser v. Gifford,* 692 S.W.2d 525, 526 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). This exception to the statute of frauds for fully performed contracts is well settled under Texas law. *Frost Nat'l Bank v. Burge,* 29 S.W.3d 580, 595 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Winkenhower has fully

performed. CR 177-80. He has given up his interest in the family homestead. Smith demanded and knowingly accepted that interest.

Smith claims that forgiveness of debt is the only consideration for Winkenhower's relinquishment of his homestead. CR 41-112. [Affidavit of Smith with attached exhibits]. That issue is disputed. CR 162-195. [Affidavits of Winkenhower family members and deposition transcript of Winkenhower]. Smith, himself, was discussing both the debt and the trust with Winkenhower and his side of the family. CR 167-68. Reasonable and fair minded persons could believe that the interest in the family homestead was being used as consideration for both subjects. It is clear from the summary judgment record that both subjects were topics of discussion. Because Smith's summary judgment evidence is predicated on his own affidavit and because his credibility may well be a dispositive factor in the resolution of the case, summary judgment is inappropriate. *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex. 1989). The trier of fact will need to resolve this dispute.

## V.     **Winkenhower presented competent summary judgment evidence.**

Smith filed numerous objections to Winkenhower's summary judgment evidence. CR 196-214. The trial court sustained a number of them and denied others. Tab C. CR 234-37. Smith's objections are categorized so Winkenhower will respond to these categories. More than a scintilla of evidence on the issues

raised in Winkenhower's counterclaim survive this analysis and thus require that the summary judgment be reversed.

### A.    Parol-Evidence Rule.

Smith claims that Winkenhower is seeking to alter an agreement to convey Winkenhower's interest in the homestead in exchange for the satisfaction of a debt. Winkenhower has never plead or argued that he seeks to modify a written contract with an oral agreement. Winkenhower's contention, which is supported by more than a scintilla of evidence, is that there is an oral agreement, that he has fully performed under that agreement, that Smith has received the benefits of Winkenhower's performance and that Winkenhower is thus entitled to enforce that oral agreement.

In determining when the rule is applicable, the Texas Supreme Court has cited Professor Wigmore thusly: "the fundamental question is as to the intent of the parties to restrict the writing to specific elements or subjects of negotiation; and if that intent existed, then the other subjects of negotiation can be established, even though they be (as they usually are) different from the writing." *Jackson v. Hernandez,* 285 S.W.2d 184, 190-91 (Tex. 1955) (holding that the parol evidence rule was not applicable where the oral agreement pertained to a trust independent of the terms of the deed, but not contradicting those terms). The writing in question here is restricted to the subjects that were in existence at the time: the debt and the

homestead. The trust, much discussed but yet to be created at the time of the family meeting, was the mutual agreement of Harry Jr. and Lyda Cay to convey their interests in the Medina Ranch into a trust for the benefit of the Winkenhower family. Smith's testimony in his summary judgment affidavit would have one believe that discussions concerning a trust for the Medina Ranch is a pure fantasy of Winkenhower. But Smith's own email (CR 167-68) belies that notion.

## B. Dead Man's Rule.

The Dead Man's Statute (now rule, Tex. R. Evid. 601(b)) is narrowly construed. *Lewis v. Foster*, 621 S.W.2d 400, 404 (Tex. 1981). It specifically provides that the disqualification of a surviving party to transactions with the deceased may be waived when that witness is "called to testify thereto by the opposite party." A waiver occurs when the testimony of a deceased at a former trial or deposition is offered at a subsequent trial by the deceased's executor. A waiver also occurs when the executor testifies to acts and statements of his deceased. When the party entitled to the protection of the statute calls the adverse party to the stand and asks about a transaction with or statement by the decedent, the statute is waived as to that transaction. This is likewise true when the matters are inquired about in a deposition. *Id.* at 403; *see also Fulmer v. Rider*, 635 S.W.2d 875, 878-79 (Tex. App.—Tyler 1982, writ ref'd n.r.e.) (waiver of Dead Man's Rule was allowed because inquiry initiated the specific testimony).

Smith testified in his summary judgment affidavit that "[w]e again discussed with Wink the debt and oil royalties owed…Lyda and I were happy to get a resolution of the issue and agreed…..During our time at the Woodway House or thereafter Lyda and Wink did not discuss or agree to a transfer of any of their interests in the Medina Ranch to a Trust." CR 42. Smith's attorney questioned Winkenhower on every aspect of this oral agreement in Winkenhower's deposition. Smith attached the deposition as evidence to his summary judgment motion. CR 121-43.

A summary judgment is the result of a trial. By predicating his summary judgment motion on this testimony, Smith waived the application of Rule 601(b). Every issue about which Smith raises the objection of the Dead Man's Rule is inquired about in great detail in this summary judgment trial. Smith is in no position to raise the Dead Man's Rule in his continuing effort to retain the benefits of the oral agreement and avoid that agreement's obligations.

### C. Conclusory, speculative and hearsay.

If there is a pattern to be gleaned from the trial court's rulings sustaining and denying Smith's objections to Winkenhower's summary judgment evidence, it appears that objections of "interested witness" and "relevancy" were denied and objections of "hearsay," "speculation" and "conclusory" were generally granted.

But the affidavit testimony is in substantial compliance with the Texas Rules of Evidence.

The testimony in the affidavits that form part of Winkenhower's summary judgment evidence are rationally based on the witnesses' perceptions and are helpful to a clear understanding of the witnesses' testimony and the determination of a fact in issue. Rather than contravening Texas Rule of Evidence 701, the testimony is consistent with the purpose and scope of that rule.

Much of the testimony is based on the witnesses' personal knowledge of the event from which any opinion is drawn. *See e.g., Yancy v. United Surgical Partners Int'l, Inc.,* 236 S.W.3d 778, 782 (Tex. 2007) (registered nurse was competent to testify about her personal observations of patient). The opinions in the affidavits are reasonable inferences from the perceived facts. Indeed, since the adoption of Rule 701, courts routinely permit lay testimony about another person's unspoken state of mind. *See e.g., Turro v. State*, 950 S.W.2d 390, 402-03 (Tex. App.—Fort Worth 1997, pet. ref'd); *Ethicon, Inc. v. Martinez*, 835 S.W.2d 826, 830-32 (Tex. App.—Austin 1992, writ denied); *Campbell v. Groves*, 774 S.W.2d 717, 719 (Tex. App.—El Paso 1989, writ denied); *Chase Commercial Corp. v. Datapoint, Corp.,* 774 S.W.2d 359, 368 (Tex. App.—Dallas 1989, no writ); *Anguiano v. State*, 774 S.W.2d 344, 346 (Tex. App.—Houston [14th Dist.] 1989, no pet.); *Byrum v. State*, 762 S.W.2d 685, 689-90 (Tex. App.—Houston [14th Dist.]

-17-

1988, no pet.); *Texaco, Inc. v. Pennzoil, Co.,* 729 S.W.2d 768, 838 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.).

Texas Rule of Evidence 803(3) provides a hearsay exception for statements expressing a declarant's then-existing (1) state of mind or emotion in issue in the case, (2) bodily condition, (3) state of mind-usually intent, plan, motive, or design-offered as circumstantial evidence of future conduct, or (4) memory and belief relating to the execution, revocation, identification, or terms of the declarant's will. In short, anything the declarant was thinking or feeling at the time of the statement may be admitted as an exception to the hearsay rule.

The leading case on offering state-of-mind evidence as circumstantial evidence of future conduct is *Mutual Life Insurance Co. v. Hillmon*, 145 U.S. 285 (1892). The *Hillmon* doctrine-admitting statements of intent, plan, motive, or design to prove the performance of the act intended-has been widely accepted by Texas courts. *Davis v. Argonaut Sw. Ins. Co.,* 464 S.W.2d 102, 103-04 (Tex. 1971); *Liberty Mut. Ins. Co. v. Nelson,* 142 Tex. 370, 372-74, 178 S.W.2d 514, 515-17 (1944); *Lowe v. State,* 163 Tex. Crim. 578, 579-82, 294 S.W.2d 394, 396-98. The doctrine was left undisturbed when the rules of evidence were promulgated. Tex. R. Evid. 803(3).

The trial court sustained far more objections than is warranted. The sum and substance of the affidavit testimony and the deposition testimony of Winkenhower

is not objectionable as a violation of either the Parol Evidence Rule or the Dead Man's Rule. Nor does the vast majority of this summary judgment evidence violate Texas evidence rules 701 or 801.

## CONCLUSION AND PRAYER

Because Winkenhower raised a genuine issue of material fact on every element of his counterclaim and because the facts raised were competent summary judgment evidence, it was error for the trial court to grant Smith's summary judgment motion. Nor will Smith's self-serving affidavit support a traditional motion for summary judgment. Accordingly, Winkenhower prays that this Court reverse the summary judgment entered below and remand this case for trial on the merits on Winkenhower's counterclaim. Winkenhower prays for such other and further relief to which he is entitled.

Respectfully submitted,

Cynthia Cox Payne
State Bar No. 24001935
1118 Main Street
Bandera, Texas 78003
(830) 796-7030 – Phone
(830) 796-7945 – Fax
cpayne@paynelawfirm.net

/s/Dan Pozza

Dan Pozza
State Bar No. 16224800
239 East Commerce Street
San Antonio, Texas  78205
(210) 226-8888 – Phone
(210) 224-6373 – Fax
danpozza@yahoo.com

ATTORNEYS FOR APPELLANT
HARRY OLIVER WINKENHOWER

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing *Brief of Appellant* was served via electronic transmission, on this the 29th day of June, 2015, to:

Brent Barton Hamilton
Attorney at Law
1602 13th Street
Lubbock, Texas  79402-3831
brent@shlawgroup.com

*Attorney for George Allan Smith*
*Independent Executor of the Estate of*
*Lyda Catherine Smith, Deceased*

/s/Dan Pozza

-20-

# CERTIFICATE OF COMPLIANCE

1.     The undersigned certifies that this Brief of Appellant complies with the type-volume limitation of Tex. R. App. P. 9.4(i)(2)(D) because this brief contains 4,297 words, excluding parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).

2.     This brief complies with the typeface requirement of Tex. R. App. P. 9.4(e) because this brief has been prepared in a conventional typeface of 14-point font in the text.

<u>/s/Dan Pozza</u>

# TAB A

CAUSE NO. CV-14-0000018

| | | |
|---|---|---|
| GEORGE ALLAN SMITH, Independent | § | IN THE 198th DISTRICT COURT |
| Executor of the Estate of Lyda Catherine | § | |
| Smith, Deceased | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | IN AND FOR |
| | § | |
| HARRY OLIVER WINKENHOWER | § | |
| Defendant. | § | BANDERA COUNTY, TEXAS |

## ORDER ON PLAINTIFF'S TRADITIONAL AND NO EVIDENCE
## MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S COUNTERCLAIMS

On August 29, 2014, the Court heard oral argument regarding Plaintiff's Traditional and

No Evidence Motion for Summary Judgment on Defendant's Counterclaims in the above styled

and numbered cause. The Court, after consideration of the merits and the arguments and

authorities of counsel, GRANTS the Plaintiff's Motion for Summary Judgment as to ~~all of the~~

Defendant's counterclaims. ~~of~~ PARTIAL PERFORMANCE, FRAUD, ^AND QUASI ESTOPPEL.

SIGNED this _6_ day of _October_, 2014.

_____
JUDGE PRESIDING

C. Payne  830.796.7945
B. Hamilton  806.771.3750

FILED
AT 4:31 O'CLOCK P.M. ON

OCT 09 2014

TAMMY KNEUPER, 198TH DISTRICT CLERK
BANDERA COUNTY, TEXAS
BY_____ DEPUTY



**TAB B**

# NO. CV-14-0000018

| | | |
|---|---|---|
| GEORGE ALLEN SMITH, | § | IN THE DISTRICT COURT |
| INDEPENDENT EXECUTOR OF THE | § | |
| ESTATE OF LYDA CATHERINE | § | |
| SMITH, DECEASED | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 216TH JUDICIAL DISTRICT |
| | § | |
| HENRY OLIVER WINKENHOWER | § | |
| Defendant. | § | OF BANDERA COUNTY, TEXAS |

## ORDER ON DEFENDANT'S OBJECTIONS TO EVIDENCE

On August 29, 2014, the Court considered Defendant Objections to Plaintiff's Evidence in Plaintiff's Motion for a No-Evidence and a Traditional Motion for Summary Judgment on Defendant's Counterclaim, the Response filed by Defendant, the Reply filed by Plaintiff and the Reply filed by Defendant. After reviewing the pleadings, evidence and hearing the arguments of counsel, the Court finds that:

| | | |
|---|---|---|
| Objection No. 1 | GRANTED ✓ | DENIED _____ |
| Objection No. 2 | GRANTED _____ | DENIED ✓ |
| Objection No. 3 | GRANTED ✓ | DENIED _____ |
| Objection No. 4 | GRANTED ✓ | DENIED _____ |
| Objection No. 5 | GRANTED _____ | DENIED ✓ |

IT IS THEREFORE ORDERED that the above rulings are made in connection with Defendant's Objections to Evidence in Plaintiff's Motion for a No-Evidence and a Traditional Motion for Summary Judgment on Defendant's Counterclaim.

SIGNED on _October 1_, 2014.

_____
Judge Presiding

C. Payne 830.796.7945
B. Hamilton 806.771.3750

FILED
AT 4:35 O'CLOCK P M. ON

OCT 09 2014

TAMMY KNEUPER, 196TH DISTRICT CLERK
BANDERA COUNTY, TEXAS
BY _____ DEPUTY

239

# TAB C

| GEORGE ALLAN SMITH, Independent | § | IN THE 198th DISTRICT COURT |
|---|---|---|
| Executor of the Estate of Lyda Catherine | § | |
| Smith, Deceased | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | IN AND FOR |
| | § | |
| HARRY OLIVER WINKENHOWER | § | |
| Defendant. | § | BANDERA COUNTY, TEXAS |

## ORDER ON PLAINTIFF'S OBJECTIONS TO
## DEFENDANT'S SUMMARY JUDGMENT EVIDENCE

On August 29, 2014, the Court heard the Plaintiff's Objections to Defendant's Summary

Judgment Evidence, and the Court is of the opinion that such objections should be:

OBJECTION 1: ____ ✓ **Sustained** ____ **Denied** *As to any offered evidence or statements altering the 2011 contract.*

OBJECTION 2: ____ ✓ **Sustained** ____ **Denied** *As to any offered evidence of statements by deceased persons.*

OBJECTION 3: ____ **Sustained** ____ ✓ **Denied**

OBJECTION 4: ____ ✓ **Sustained** ____ **Denied**

OBJECTION 5: ____ **Sustained** ____ ✓ **Denied**

OBJECTION 6: ____ ✓ **Sustained** ____ **Denied**

OBJECTION 7: ____ **Sustained** ____ ✓ **Denied**

OBJECTION 8: ____ ✓ **Sustained** ____ **Denied**

OBJECTION 9: ____ ✓ **Sustained** ____ ✓ **Denied**

OBJECTION 10: ____ **Sustained** ____ **Denied**

OBJECTION 11: ____ ✓ **Sustained** ____ **Denied**

OBJECTION 12: ____ ✓ **Sustained** ____ **Denied**

OBJECTION 13: ____ ✓ **Sustained** ____ **Denied**

OBJECTION 14:    ✓ Sustained    _____ Denied

OBJECTION 15:    _____ Sustained    _____ Denied

OBJECTION 16:    _____ Sustained    ✓ Denied

OBJECTION 17:    ✓ Sustained    _____ Denied

OBJECTION 18:    _____ Sustained    _____ Denied

OBJECTION 19:    ✓ Sustained    _____ Denied *As to sistem n laws statements*

OBJECTION 20:    _____ Sustained    ✓ Denied

OBJECTION 21:    ✓ Sustained    _____ Denied

OBJECTION 22:    ✓ Sustained    _____ Denied

OBJECTION 23:    _____ Sustained    _____ Denied

OBJECTION 24:    ✓ Sustained    _____ Denied

OBJECTION 25:    _____ Sustained    _____ Denied

OBJECTION 26:    _____ Sustained    _____ Denied

OBJECTION 27:    _____ Sustained    _____ Denied

OBJECTION 28:    ✓ Sustained    _____ Denied

OBJECTION 29:    ✓ Sustained    _____ Denied

OBJECTION 30:    ✓ Sustained    _____ Denied

OBJECTION 31:    _____ Sustained    _____ Denied

OBJECTION 32:    _____ Sustained    ✓ Denied

OBJECTION 33:    ✓ Sustained    _____ Denied

OBJECTION 34:    ✓ Sustained    _____ Denied

OBJECTION 35:    ✓ Sustained    _____ Denied

OBJECTION 36:    ✓ Sustained    _____ Denied

OBJECTION 37: ____/ Sustained     ____ Denied

OBJECTION 38: ____ Sustained     ____ Denied

OBJECTION 39: ____/ Sustained     ____ Denied

OBJECTION 40: ____/ Sustained     ____ Denied

OBJECTION 41: ____ Sustained     ____ Denied

OBJECTION 42: ____/ Sustained     ____ Denied

OBJECTION 43: ____/ Sustained     ____ Denied

OBJECTION 44: ____/ Sustained     ____ Denied

OBJECTION 45: ____ Sustained     ____/ Denied

OBJECTION 46: ____/ Sustained     ____ Denied

OBJECTION 47: ____/ Sustained     ____ Denied

OBJECTION 48: ____/ Sustained     ____ Denied

OBJECTION 49: ____/ Sustained     ____ Denied

OBJECTION 50: ____/ Sustained     ____ Denied

OBJECTION 51: ____ Sustained     ____/ Denied

OBJECTION 52: ____/ Sustained     ____ Denied

OBJECTION 53: ____/ Sustained     ____ Denied

OBJECTION 54: ____/ Sustained     ____ Denied

OBJECTION 55: ____/ Sustained     ____ Denied

OBJECTION 56: ____/ Sustained     ____ Denied

OBJECTION 57: ____ Sustained     ____ Denied

OBJECTION 58: ____ Sustained     ____ Denied

OBJECTION 59: ____ Sustained     ____ Denied

CAUSE NO. CV-14-0000018; ORDER ON OBJECTIONS TO DEFENDANT'S SUMMARY JUDGMENT EVIDENCE
PAGE 3 OF 4

OBJECTION 60: _____ **Sustained** _____ **Denied**

OBJECTION 61: _____ **Sustained** _____ **Denied**

OBJECTION 62: _____ **Sustained** _____ **Denied**

OBJECTION 63: _____ **Sustained** _____ **Denied**

SIGNED this _____ day of _____, 2014.

_____
JUDGE PRESIDING

FILED
AT 4:35 O'CLOCK P M. ON

OCT 09 2014

TAMMY KNEUPER, 198TH DISTRICT CLERK
BANDERA COUNTY, TEXAS
BY _____ DEPUTY

**CAUSE NO. CV-14-0000018; ORDER ON OBJECTIONS TO DEFENDANT'S SUMMARY JUDGMENT EVIDENCE PAGE 4 OF 4**

BROADCAST REPORT

TIME    : 10/02/2014 08:21
NAME    : KERR DISTRICT JUDGES
FAX     : 8307922294
TEL     : 8307922290
SER.# : U63274M2J313789

| PAGE(S) | 04 |
|---------|----|

| DATE | TIME | FAX NO./NAME | DURATION | PAGE(S) | RESULT | COMMENT |
|------|------|--------------|----------|---------|--------|---------|
| 10/02 | 08:20 | 18307967945 *C. Payne* | 47 | 04 | OK | ECM |
| 10/02 | 08:21 | 18067713750 *B. Hamilton* | 37 | 04 | OK | ECM |

238

**TAB D**

April 22, 2001

Harry O. Winkenhower Jr. &
Lyda Cay Smith,

This letter is written to inform both of my children of my wishes for the ranch in Medina, Texas. In the near future I will have my wishes legally written into my will.

The ranch Oliver and I purchased in Medina, Texas was to be used for the family and their friends.

I do not wish for the ranch to ever be separated or sold. It is to be passed down to the family. No one may sell out their interest in the property because they have none. It is to remain one property and I will it to bloodline family.

No spouse of Harry Winkenhower or Lyda Cay Smith or any grandchildren or great grandchildren may claim any part of the ranch as theirs.

What will replace this letter is a bloodline will. Only bloodline family members will be able to have any claim to the ranch.

These are my wishes children and I know you will both respect what I am asking of you.

Thank you,

*Mary E. Winkenhower*

FRANK MORGAN
MY COMMISSION EXPIRES
January 20, 2003

1/20/2003

166